IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IVAN A. DIAZ-CARABALLO,

**Petitioner,**

v.

UNITED STATES OF AMERICA,

**Respondent.**

**Civil No.** 16-2494 (FAB)
related to
**Criminal No.** 14-164 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is Iván A. Díaz-Caraballo's ("Petitioner" or "Díaz-Caraballo") motion to vacate, set aside, or correct sentence in Criminal No. 14-164 pursuant to 28 U.S.C. § 2255 ("section 2255"). (Civil Docket No. 1.) For the reasons set forth below, the Court **DENIES** Díaz-Caraballo's motion to vacate his sentence. (Civil Docket No. 1.)

**I. BACKGROUND**

On December 11, 2014, Díaz-Caraballo was charged with sixty-six (66) other co-defendants in a six count Superseding Indictment. (Criminal No. 14-164.) Díaz-Caraballo was charged with: (1) conspiracy to possess with intent to distribute controlled substances within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860 ("count one"); (2) aiding and abetting in the possession/distribution of heroin within 1,000

feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 860 and 2 ("count two"); (3) aiding and abetting in the possession/distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 860 and 2 ("count three"); (4) aiding and abetting in the possession/distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 860 within 1,000 feet of a protected location, and 2 ("count four"); (5) aiding and abetting in the possession/distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 860 and 2 ("count five"), within 1,000 feet of a protected location, and (6) conspiracy to possess firearms in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(o) ("count six"). (Criminal No. 14-164, Docket No. 1144 at pp. 6-27.)

On May 14, 2015, Díaz-Caraballo pled guilty to conspiracy to possess with intent to distribute at least 400 grams but less than 500 kilograms of cocaine. (Criminal No. 14-164, Docket No. 1646.) As part of the plea agreement, Díaz-Caraballo received a 2-level enhancement because the offense was committed within a protected location and a 3-level reduction for accepting responsibility. (Criminal No. 14-164, Docket No. 1650.) With a total offense level of 22 and a Criminal History Category of I the parties agreed to recommend a sentence within a range of 37-46 months of

imprisonment. (Id.)  On August 26, 2015, the Court sentenced Díaz-Caraballo to 37 months of imprisonment, followed by 6 years of supervised release, and a special monetary assessment of $100.00. (Criminal No. 14-164, Docket No. 1824.)  Judgment was entered that same day.  (Criminal No. 14-164, Docket No. 1825.)  Díaz-Caraballo did not file an appeal.

On August 15, 2016, Díaz-Caraballo filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  (Civil No. 1.)  On February 1, 2017, the United States of America ("Respondent" or "the Government") filed a Response in Opposition. (Civil No. 12.)  On February 24, 2017, Petitioner filed a Reply. (Civil No. 13.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "[T]he statute provides for post-conviction relief in four instances, namely, if the Petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  David v. United States,

Civil No. 16-2494 (FAB)                                                    4

134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).

**III. DISCUSSION**

Díaz-Caraballo moves to vacate, set aside or correct his sentence on the following grounds: (1) Amendment 794; (2) ineffective assistance of counsel; (3) sentencing disparity. (Civil Docket Nos. 1, 1-1 and 13.)

**A.  United States Sentencing Commission Amendment 794**

Díaz-Caraballo claims entitlement to the retroactive application of the United States Sentencing Guidelines' Amendment 794. Petitioner contends that Amendment 794 was intended as a clarifying amendment and that it is retroactively applicable to direct appeals and section 2255 motions. (Civil Docket Nos. 1-1 at p. 1, and 13 at pp. 1-5.)

Amendment 794 modified the commentary to U.S.S.G. § 3B1.2, which provides a downward adjustment to the offense level of a defendant that had a minimal or minor role in the criminal activity for which she was charged. See Paz-Álvarez v. United States Civ. No. 16-1792, 2017 WL 1957002 at *5 (D.P.R. April 25, 2017) (quoting United States v. Cobb, 248 F.Supp.3d 637, 638 (E.D. Pa. 2017)). "Most notably, Amendment 794—which went into effect on November 1, 2015—added a list of factors that a court should consider in determining whether to decrease an individual's

offense level under § 3B1.2." Id. See U.S.S.G. Supp. App. C. Amend. 794. Amendment 794 is not retroactively applicable on collateral review, however, and is not a cognizable claim under section 2255. See Shepard-Fraser v. United States, Cr. No. 09-113, 2017 WL 1386333 at *2 (D.P.R. April 18, 2017). See also, Chávez-Ramírez v. United States, No. 16-00456, 2016 WL 6634866 at *3 (D. Haw. Nov. 8, 2016); United States v. Ochoa-Alapisco, No. 14-378, 2016 WL 6561554, at *2 (D. Minn. Nov. 3, 2016); Ruiz-Loya v. United States, No. 16-405, 2016 WL 5717881, at *3 (W.D. Tex. Sept. 30, 2016); United States v. Gillispie, No. 16-316, 2016 WL 5402781, at *2 n.4 (E.D. Ky. Aug. 26, 2016).

Díaz-Caraballo's contention that Amendment 794 was intended as a clarifying amendment and is retroactively applicable to section 2255 motions, is misplaced. In United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) the Ninth Circuit Court of Appeals held that Amendment 794 applied "retroactively to direct appeals." (Id. at 523). The court of appeals did not extend its holding to petitions for collateral relief. See e.g., United States v. Sánchez, No. 14-078, 2017 WL 394095, at *3 (D.R.I. Jan. 26, 2017) (Quintero-Leyva's holding was specifically limited to direct appeals); Johnson v. United States, No. 16-528, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) ("[Quintero-Leyva] did

not hold that such relief is available on collateral review, and other courts have concluded that it is not.").

Consequently, Petitioner's request that Amendment 794 be applied retroactively is meritless.

**B.   Ineffective Assistance of Counsel**

Díaz-Caraballo claims ineffective assistance of counsel because she failed to postpone the sentencing hearing "until the effective date of Amendment 794 on November 1st, 2015." (Civil Docket No. 1-1 at p. 3.) Díaz-Caraballo further alleges in his Reply that "[c]ounsel had an obligation to pursue a "minor role" adjustment prior to sentencing" and that he was "clearly prejudiced by his counsel's failure to pursue this adjustment during plea negotiations." (Civil Docket No. 13 at p. 5.)

In order to establish ineffective assistance of counsel, Petitioner must prove that his attorney's performance was deficient, and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, the burden of proving counsel's deficiency falls squarely on the shoulders of the defendant, who must overcome "the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Id. at 689. Furthermore, failure to satisfy either prong of the Strickland test is fatal. See id. at 697.

First, Petitioner alleges that his counsel was ineffective because she failed to postpone his sentencing[1] until after the effective date of Amendment 794,[2] "which had the potential to reduce movant's sentence". (Civil Docket No. 1 at p. 10.) The record shows, however, that on May 14, 2015, Díaz-Caraballo pled guilty pursuant to a Plea Agreement in which he waived the opportunity to seek further adjustments or departures to his offense level.[3] (Criminal No. 14-164, Docket Nos. 1646 and 1650.) Any attempt by counsel or by Petitioner to seek a minor-role adjustment –or any other adjustment or departure not contained in the plea agreement– would have constituted a material breach of the plea agreement. Therefore, it would be unreasonable to find that Petitioner's counsel was ineffective for failing to postpone his sentencing hearing given that the Plea Agreement precluded any Amendment 794 argument. Consequently, Petitioner's claim of

---

[1] Díaz-Caraballo's sentencing hearing was held on August 26, 2015.

[2] Amendment 794 went into effect on November 1, 2019.

[3] "SENTENCE RECOMMENDATION: The parties agree to recommend to the Court a sentence as follows: should defendant fall under criminal history category I the parties recommend a sentence within a range of 37-47 months of imprisonment. Should defendant's criminal history category be II or higher, the parties agree to recommend a sentence within the applicable guideline range for the CHC for a total offense level of (21). The parties agree that any recommendation for a term of imprisonment below 37 months will constitute a breach of the plea agreement. CRIMINAL HISTORY CATEGORY: The parties make NO stipulation as to defendant's Criminal History Category. **8. NO FURTHER ADJUSTMENTS OR DEPARTURES** The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties." (Criminal No. 14-164, Docket No. 1650 at p. 5.)

ineffective assistance of counsel because she failed to postpone the sentencing hearing until the effective date of Amendment 794 fails.

Díaz-Caraballo's claim that counsel was ineffective because she did not secure a plea agreement that took into consideration Petitioner's allegedly minor role in the operation is also flawed. Courts have recognized that counsel's assistance in obtaining a plea agreement was ineffective when a plea offer has been extended by the government and counsel fails to inform or educate the defendant about the offer.[4] Alternatively, the courts have found that there is ineffective assistance of counsel when the defendant expressly states that she wishes to plead guilty in order to avoid a trial, but her counsel misses multiple opportunities to accept or negotiate a plea bargain. See United States v. Miranda, 50 F.Supp.3d 85 (D.P.R. 2014).

Here, the record shows that the government extended a plea offer to Petitioner, which he accepted. (Criminal No. 14-164, Docket No. 1646.) By entering into a plea agreement, Petitioner received a reduced drug quantity stipulation, which in turn lowered

---

[4] For example, in Lafler v. Cooper, 132 S.Ct. 1376 (2012), the Supreme Court held that if a plea bargain has been offered, then the defendant has the right to effective assistance of counsel when determining whether or not to accept it. On the other hand, in Missouri v. Frye, 132 S.Ct. 1399 (2012), the Supreme Court found that there was ineffective assistance of counsel when counsel altogether failed to inform his client that there were plea offers on the table.

his sentence exposure, and a 3-level reduction for accepting responsibility. (Criminal No. 14-164, Docket No. 1650). In his 2255 motion, Díaz-Caraballo does not allege that counsel failed to instruct him adequately as to the plea offer. Therefore, Petitioner has not shown that his attorney was, in fact, deficient during the plea-bargaining stage, as required under the first prong of Strickland.

In light of the foregoing, the Court finds that Petitioner's ineffective assistance of counsel claims are meritless.

### C. Sentencing Disparity Claim

Petitioner requests a reduction in sentence arguing that after considering the factors in section 3553(a) his "guideline sentence is greater than necessary to serve the objectives of sentencing." (Civil Docket No. 13 at p. 6.) A section 2255 motion, however, is not the adequate mechanism for presenting a sentencing amendment reduction petition.[5] See Rodríguez-Isaac v. United States, Civil No. 14-1404, 2015 WL 4476218 at *3 (D.P.R. July 22, 2015). Consequently, Petitioner's sentencing amendment reduction is **DENIED**.

---

[5] The proper mechanism to request a sentencing amendment reduction is by a Motion to Reduce Sentence under section 3582(c)(2). See 18 U.S.C. § 3582.

**III. CONCLUSION**

For the reasons stated, Petitioner Iván A. Díaz-Caraballo's Motion under 28 U.S.C. § 2255 (Civil No. 1) is **DENIED**. This case is **DISMISSED with prejudice**. Judgment shall be entered accordingly.

If Díaz-Caraballo files a notice of appeal, no certificate of appealability shall issue because Díaz-Caraballo has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 14, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE